■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RUDOLPH POWERS, Appellant.—Appeal by defendant from a judgment of the former County Court, Kings County, rendered March 26, 1952 after a jury trial, convicting him of robbery in the first degree and imposing sentence. Judgment reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict are affirmed. Defendant had testified in his own behalf, placing his credibility in issue. The court charged that there was testimony to the effect that defendant had been previously convicted of a crime, and that the jury could take such previous conviction into consideration in testing defendant's credibility. Our examination of the record discloses, and the District Attorney concedes, that there is no proof that the defendant had ever been previously convicted of a crime. In our opinion this error in the charge is of sufficient substance and prejudice to warrant reversal and a new trial despite the fact that defendant took no exception to the erroneous charge. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. QUENTIN SKIPWITH, Appellant.—Appeal by the defendant from an order of the County Court, Orange County, dated January 30, 1963, which denied his motion for the return of certain property taken by the police, under a search warrant, in a raid on defendant's residence. The denial was without prejudice to a timely application pursuant to section 813-c of the Code of Criminal Procedure. Defendant is presently under indictment charging various crimes; and the seized property is part of the proof which the District Attorney states will be adduced upon the trial. Appeal dismissed. The order appealed from is an intermediate order from which a separate appeal does not lie (Code Crim. Pro., § 517; *Matter of Police Benevolent Assn.* v. *Gagliardi*, 9 A D 2d 929, affd. 9 N Y 2d 803; *People* v. *Ruth*, 250 App. Div. 819). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.